An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
EMILY R. DOW, BAR NO. 10570.

No. 64217



FILED

OCT 28 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

### ORDER OF SUSPENSION

This is an automatic review, pursuant to SCR 105(3)(b), of a Northern Nevada Disciplinary Board hearing panel's findings that attorney Emily Dow violated two rules of professional conduct and its recommendation that she be suspended for two years, with conditions.

This matter stems from an inappropriate recorded conversation between Dow and Brett Miller, who at the time of the conversation was an inmate in the Washoe County Detention Center awaiting sentencing on a bank robbery charge. Dow was Miller's attorney in certain civil matters unrelated to the bank robbery charge. Dow and Miller had also begun a personal relationship.[1] Dow was aware that, during a previous incarceration, Miller had assisted a prisoner who injured himself. By so doing, Miller was credited with saving the inmate's life and was released earlier for his conduct.

Based on this information, Dow presented Miller with a similar scenario during one of the many telephone calls between Dow and

_____

[1]Dow and Miller subsequently married, and Dow is now known as Emily Miller. For consistency with the original complaint and other documents filed in this matter, this order will refer to her as Emily Dow.

14-35796

Miller while Miller was incarcerated. Dow set forth a scenario in which Miller was to arrange for the transfer of an acquaintance to the jail and stage a jailhouse fight between the acquaintance and a guard. Miller would then intervene and assist the guard. The purpose of this plan was to secure an early release for Miller, as in the previous incident. Dow and Miller did not discuss the scheme in any of their later conversations and no action was taken toward implementing any part of it.

A hearing panel of the Northern Nevada Disciplinary Board determined that Dow had violated RPC 1.2(d) and RPC 8.4(a)-(d). The panel considered aggravating and mitigating factors and found that, in aggravation, Dow had acted with a dishonest and selfish motive and had not acknowledged that her conduct was wrongful. Dow's lack of a prior disciplinary record and relative inexperience in the practice of law were found to be mitigating circumstances.

The panel recommended that Dow be suspended for two years, with the following conditions: Dow must take and pass the Multistate Professional Responsibility Exam (MPRE) before applying for reinstatement; Dow must demonstrate to Bar counsel that she has notified her employer and all clients of her suspension within three days of the effective date of the suspension order; Dow must wind up her practice within 15 days of the suspension order, placing her clients with other counsel or concluding representation; and Dow must pay the costs of the instant disciplinary proceeding.[2]

_____

[2]The panel also recommended that if reinstated, Dow must enter into a mentoring agreement with a State-Bar-approved mentor, to continue for one year with the mentor making quarterly reports to the

*continued on next page . . .*

Having reviewed the record, we conclude that clear and convincing evidence supports the panel's finding that Dow violated RPC 1.2(d) and RPC 8.4(a), (c), and (d). We further conclude that clear and convincing evidence does not support a finding that Dow's conduct falls within the ambit of RPC 8.4(b), which states that it is misconduct for an attorney to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects." *See* SCR 105(2)(f). This conclusion is supported by both the U.S. attorney and the FBI hearing the conversation at issue and declining to prosecute the matter.

We therefore approve the panel's recommendation that Dow be suspended. However, due to the isolated nature of the incident, which Dow and Miller did not discuss in later conversations, the lack of any action taken to implement the plan, and the lack of client harm, we conclude that an actual suspension of six months and one day, with a two-year stayed suspension, during which Dow shall make quarterly reports to the State Bar, is more appropriately tailored to Dow's misconduct. A suspension of this length will require Dow to petition for reinstatement. SCR 116. The two-year stayed suspension shall become active upon any further misconduct. We approve the additional reinstatement conditions recommended by the hearing panel.

---

. . . *continued*

State Bar, and Dow is prohibited from allowing Miller to access her law office, client files, and trust accounts. While these conditions appear reasonable, such conditions are more appropriately considered as part of a reinstatement proceeding, and thus we decline to impose them now.

Accordingly, Emily Dow is hereby suspended from the practice of law for six months and one day, with a two-year stayed suspension that shall become active upon any misconduct other than a minor traffic violation. Dow shall comply with the conditions approved above. Dow is ordered to pay the costs of the disciplinary proceedings. SCR 120. Dow shall comply with SCR 115. The State Bar shall comply with SCR 121.1.

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.     _____, J.
Pickering                        Hardesty

_____, J.     _____, J.
Parraguirre                      Douglas

_____, J.     _____, J.
Cherry                           Saitta

cc:  David A. Clark, Bar Counsel
     Kimberly K. Farmer, Executive Director, State Bar of Nevada
     Lemons, Grundy & Eisenberg
     J. Thomas Susich, Chair, Northern Nevada Disciplinary Board
     Perry Thompson, U.S. Supreme Court Admissions Office